**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

AMANDA SINFUEGO,

      Plaintiff,

v.                                          CV No. 15-563 CG/GJF

THE CURRY COUNTY BOARD OF
COUNTY COMMISSIONERS, et al

      Defendants.

## ORDER DENYING MOTION TO STAY

     **THIS MATTER** is before the Court on *Defendants Curry County Board of County Commissioners and Lance Pyle's Motion to Stay Proceedings and Memorandum in Support* ("Motion"), (Doc. 36), filed April 7, 2016; *Defendant Tori Sandoval's Notice of Joinder in the Board of County Commissioners' et al. Motion to Stay*, (Doc. 27), filed April 7, 2016; *Plaintiff's Response to "Defendant Curry County Board of County Commissioners and Lance Pyle's Motion to Stay Proceedings and Memorandum in Opposition["]* ("Response"), (Doc. 38), filed April 21, 2016; and Defendants Curry County Board of County Commissioners and Lance Pyle's *Reply in Support of Motion of Defendants Curry County Board of County Commissioners and Lance Pyle to Stay Proceedings* ("Reply"), (Doc. 39), filed May 3, 2016. Because Defendants have failed to show that this case presents the "exceptional circumstances" required to stay the case, the Court will **DENY** the Motion.

**I.    Background**

     On December 17, 2013, Plaintiff Amanda Sinfuego received a letter of intent from

Curry County to terminate her employment with the Curry County Detention Center ("CCDC") due to her alleged violation of the Sexual Harassment Policies articulated in the Curry County Personnel Policy. (Doc. 43-1 at 11-13). Plaintiff was placed on paid Administrative Leave pending a predetermination hearing. (Doc. 43-1 at 12). Plaintiff's predetermination hearing was held on December 30, 2013, at which Plaintiff was represented by attorney Eric Dixon. (Doc. 43-1 at 22). Following the predetermination hearing, County Manager and Defendant in the current lawsuit, Lance Pyle, formally terminated Plaintiff's employment with CCDC. (Doc. 43-1 at 22-25). On February 19, 2014, a post-disciplinary hearing was held, at which time Plaintiff appealed her termination. Subsequently, on March 4, 2014, the hearing officer upheld the termination decision. (Doc. 43-2 at 4-5).

Plaintiff then filed a Petition for Writ of Certiorari with the Ninth Judicial District Court in the State of New Mexico ("state district court") on March 20, 2014. (Doc. 43-2 at 6-7). On August 5, 2014, the state district court dismissed Plaintiff's Petition for Writ of Certiorari and quashed the writ. (Doc. 43-3 at 4-5). Plaintiff appealed the state district court's opinion to the New Mexico Court of Appeals ("state appeals court"). (Doc. 43-3 at 6-7). The state appeals court reversed the dismissal of the petition for Writ of Certiorari and remanded the decision back to the state district court. (Doc. 43-5 at 1-7). On June 1, 2015, the state district court granted Plaintiff's Petition for Writ of Certiorari. (Doc. 45-5 at 12-13). However, because the audio recording of the first post-disciplinary hearing was inaudible, the state district court remanded the case for a second post-disciplinary hearing on October 14, 2015. (Doc. 43-9 at 20-22). The second post-disciplinary hearing was held on February 19, 2016. (Doc. 43-19 at 2-25; Doc. 43-20;

Doc. 43-21; Doc. 43-22 at 1-37). Thereafter, on March 4, 2016, the second hearing officer affirmed Plaintiff's termination. (Doc. 43-11 at 8-13). On March 9, 2016, Plaintiff filed a petition for Writ of Certiorari with the state district court. (Doc. 43-11 at 14-15).

Plaintiff filed a *Complaint* ("Complaint") in this Court on July 1, 2015. (Doc. 1). Plaintiff contends that her civil rights were violated while working at CCDC and she was retaliated against for her union organization activities and brings claims under 42 U.S.C. § 1983. (Doc. 1 at 5-9). Plaintiff alleges that CDCC violated: (1) free speech rights; (2) right to associate; (3) right to petition for redress of grievances; and (4) the Whistleblower Protection Act. (Doc. 1 at 5-15). Defendants then filed the present Motions, asking the Court to stay this case until the state court case is resolved. (Doc. 36 at 1). In order to make this determination, the Court ordered Defendants to produce the state court documents, which they filed on June 6, 2016.

## II.   Analysis

As grounds for staying the current case, Defendants assert that the state court case arises from the same facts alleged in the Complaint, and involves parallel issues to the case before this Court. (Doc. 36 at 2). Defendants argue that the *Colorado River* abstention doctrine favors a stay. (Doc. 36 at 5-10). Plaintiff responds that this Court should continue to exercise its jurisdiction over this case because Defendants have not shown the "extraordinary circumstances" necessary to merit a stay. (Doc. 37 at 4-9).

### A.  Colorado River *Abstention Doctrine*

The *Colorado River* doctrine applies in "situations involving the contemporaneous exercise of concurrent jurisdictions . . . by state and federal courts." *Colorado River Water Conservation Dist. et al. v. United States*, 424 U.S. 800, 817 (1976). The doctrine

allows a court to dismiss or stay a federal action for a pending state court proceeding, based on "considerations of '[w]ise judicial administration, giving regard to [the] conservation of judicial resources and comprehensive disposition of litigation." *Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir. 1994) (quoting *Colorado River*, 424 U.S. at 817). Declining to exercise jurisdiction based on the *Colorado River* doctrine is only appropriate in "exceptional" circumstances." *Colorado River*, 424 U.S. at 818. Therefore, the Court's "task . . . is not to find some substantial reason for the exercise of federal jurisdiction . . .; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the surrender of jurisdiction." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983).

In order to apply the *Colorado River* doctrine, the Court must first determine whether the state and federal proceedings are parallel. *Maulding*, 16 F.3d at 1081. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id.* If the Court finds that the proceedings are parallel, "it must then determine whether deference to state court proceedings is appropriate under the particular circumstances." *Id.* 1082. The Supreme Court enumerated a nonexclusive list of factors to consider when deciding whether "exceptional circumstances" exist for deference: (1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the courts obtained jurisdiction. *Id.* (citing *Colorado River*, 424 U.S. at 818). In *Moses H. Cone*, the Supreme Court discussed additional factors, including: (1) whether federal law provides the rule of decision; and (2) the adequacy of

4

the state court action to protect the federal plaintiff's rights. *Id.* (citing *Moses H. Cone*, 460 U.S. at 18 n. 20, 23, 28). The Supreme Court has cautioned that no single factor is dispositive, but rather, "[t]he weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Moses H. Cone*, 460 U.S. at 16. Instead of using the factors as a "mechanical checklist," the Court must engage in "a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of exercising jurisdiction." *Id.* If the Court must resolve any doubt, it should be "in favor of exercising federal jurisdiction." *Maulding*, 16 F.3d at 1082.

      B.  *Parallel Suits*

Defendants argue that the state and federal suits are parallel because they involve the same plaintiff and defendants, with the exception of two additional defendants added to this case, and substantially the same issues. (Doc. 36 at 5-6). Defendants state that Plaintiff's state court case is a claim for unlawful termination, while in the case at bar, "Plaintiff pleads unlawful termination, which in turn violated her civil rights." (Doc. 36 at 6). According to Defendants, the crux of both cases is whether or not Curry County was justified in terminating Plaintiff's employment with CCDC. (Doc. 36 at 6).

Plaintiff asserts that the proceedings are not parallel because the cases involve different issues. (Doc. 37 at 7). Plaintiff maintains that the issue before the state court is the validity of the termination of Plaintiff, while the case before this Court involves federal civil rights and retaliation claims. (Doc. 37 at 7).

Here, the parties in this action are not identical to the parties in the state action. Plaintiff brought the Petition for Writ of Certiorari in state district court against the Curry County Board of County Commissioners. (Doc. 43-1 at 1). Whereas, the federal claims were brought against the Curry County Board of County Commissioners, as well as, Lance Pyle, County Manager, and Tori Sandoval, CCDC Administrator. (Doc. 1). Nevertheless, the requirement under *Colorado River* is for substantially similar parties, not identical. *Robertson v. Red Rock Canyon Sch., LLC*, No. 2:05-CV-758 TC, 2006 WL 3041469, at *6 (D. Utah Oct. 24, 2006) (citing *D.L. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1230 (10th Cir. 2004) (holding that the relationship between employee and employer were sufficient to find that parties were identical for purposes of *Younger* abstention). It is enough that "the events giving rise to both lawsuits are the same, and the parties' interests are intertwined." *Id.*

Although the claims brought in the proceedings are not the same, in her Complaint, Plaintiff argues that she was fired on a pre-textual basis and alleges that "Defendants would not have taken adverse actions against [her] in the absence of her protected conduct." (Doc. 1 at 9-10). This Court cannot make a finding regarding Plaintiff's federal claims without making a finding regarding the reason for Plaintiff's underlying termination. Therefore, the Court finds that both the parties and issues are substantially similar. Because the cases are parallel, the Court will next determine whether "exceptional circumstances" exist to warrant a stay of the proceedings at bar.

C. *Exceptional Circumstances*

As stated above, once the Court finds that the federal and state cases are

parallel, it must determine whether there are "exceptional circumstances" to warrant deference to the state court. The list of factors includes: (1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the courts obtained jurisdiction; (5) whether federal law provides the rule of decision; and (6) the adequacy of the state court action to protect the federal plaintiff's rights. *Maulding*, 16 F.3d at 1082 (citing *Colorado River*, 424 U.S. at 818; *Moses H. Cone*, 460 U.S. at 18 n. 20, 23, 28). The Court will address each factor in turn.

### 1.  *Jurisdiction over Property and Inconvenience of the Federal Forum*

As neither court has assumed jurisdiction over any property, this factor is neutral. Defendants argue that neither party argues that the federal forum is inconvenient. (Doc. 36 at 9). Plaintiff does not address the inconvenience factor, (*See* Doc. 37), thus the Court will not consider it.

### 2.  *Avoiding Piecemeal Litigation*

Defendants argue that the proceedings in state and federal court will be duplicative, as the issues, facts, legal assertions, and relief are the same in both cases. (Doc. 36 at 9). The Court agrees that with similar claims, which are based on the same facts, there is a danger of piecemeal litigation in this case. However, "the mere potential for conflict in the results of adjudications does not, without more, warrant staying exercise of federal jurisdiction." *Colorado River*, 424 U.S. at 816. Although this factor weighs in favor of a stay, Defendants do not show how this case "presents circumstances more egregious than the typical parallel proceeding in which abstention is justified." *Coats v. J.D.B. of New Mexico, Inc.*, Civ. No. 09-541 JCH/WPL (D.N.M.

7

May 26, 2010) (unpublished). The Court must consider all of the factors that the Supreme Court articulated in *Colorado River*.

### 3. Order the Courts Obtained Jurisdiction

Plaintiff filed her petition for Writ of Certiorari in the state district court on March 20, 2014, (Doc. 43-1 at 2), and her Complaint with this Court on July 1, 2015. (Doc. 1). Defendants argue that Plaintiff's case in state court has been pending since February 19, 2014. However, procedural history shows that the state court case had to be restarted with a second post-disciplinary hearing on February 19, 2016 due to a faulty recording. (Doc. 43-9 at 20-22). Plaintiff filed her second petition for Writ of Certiorari on March 9, 2016, and there is no indication in the record whether the state district court has ruled on that petition. (Doc. 43-11 at 14-15). In light of this, the state court case does not appear to be closer to completion at this time than the case at bar. *See, e.g., Moses H. Cone*, 461 U.S. at 21 ("[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."). Therefore, the Court finds this factor to weigh in favor of retaining jurisdiction.

### 4. Whether Federal Law Provides the Rule of Decision

Although no single factor is dispositive, the Supreme Court has stated that the "presence of federal[ ] law issues must always be a major consideration weighing against surrender" of jurisdiction. *Moses H. Cone*, 460 U.S. at 26. Here, all of Plaintiff's claims are based on federal law and those claims are more appropriately heard in federal court.

Defendants argue throughout the Motion that once the state district court rules on the case, the ruling will have a preclusionary effect on the federal case. (Doc. 36 at 9-10). In New Mexico, "[c]ollateral estoppel bars relitigation of ultimate facts or issues actually and necessarily decided in a prior suit." *Cibas v. Lockwood*, No. Civ 90-0341 JC/WWD, 1994 WL 924145, at *6 (D.N.M. Aug. 22, 1994) (unpublished) (quoting *DeLisle v. Avallone*, 874 P.2d 1266, 1269 (N.M. Ct. App. 1994)). Collateral estoppel requires that

> (1) the party against whom collateral estoppel is asserted must have been a party in or in privity with a party to the original action; and (2) the two cases must have concerned the same ultimate issue or fact, which was (a) actually litigated, and (b) necessarily determined in the first suit.

*Id.* Defendants maintain that this Court should stay the federal case because the state district court's findings "may have preclusionary effect on this case[.]" (Doc. 36 at 8). However, the state district court has not ruled on the merits of the state case, therefore, collateral estoppel is inapplicable because the suit has not been "necessarily determined." This factor weights in favor of the Court retaining jurisdiction.

### 5.  *Adequacy of the State Court Action to Protect Plaintiff's Federal Rights*

Finally, Defendants contend that if the state district court overturns the hearing officer's decision, Plaintiff could be awarded damages and reinstatement, making her whole. (Doc. 36 at 6). Moreover, if the state court upholds the hearing officer's decision, Defendant maintains that the ruling would have a preclusive effect on this case. (Doc. 36 at 6). Plaintiff argues that her federal claims will not and cannot be addressed by the state court proceedings. (Doc. 37 at 7).

In New Mexico, a district court may review an administrative decision, and in its appellate capacity, may (1) remand a case back to the administrative agency with

specific instructions; (2) reverse the decision; or (3) affirm the decision. NMRA, Rule1-075T(1)(2)(3). These remedies are much more limited in scope than the federal court's potential remedies pursuant to 42 U.S.C. § 1983 and do not address Plaintiff's federal claims. The Supreme Court has held that to grant a stay under the *Colorado River* doctrine would be "a serious abuse of discretion" unless

> the parallel state[ ] court litigation will be an adequate vehicle for the complete and prompt resolution of the issue between the parties . . . [T]he decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses.

*Maulding*, 16 F.3d at 1081-82 (quoting *Moses H. Cone*, 460 U.S. at 28). Because the state district court cannot adequately protect Plaintiff's federal rights, this factor weighs heavily in favor of this Court retaining jurisdiction.

In sum, weighing all of the factors together, Defendant has failed to show that this case presents the "exceptional circumstances" necessary to justify a stay in this case.

### D. Stay of Proceedings

In addition to a stay based on the *Colorado River* doctrine, Defendant argues more generally for this Court to use its "broad discretion" to stay the case pending the outcome of the state district court's decision. (Doc. 36 at 3). Indeed, the Court "has the power to stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.'" *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). However, based on the foregoing analysis, Defendants have not shown that the Court should exercise its discretion by staying the case.

### III.    Conclusion

The Defendants have not shown the "exceptional circumstances" required under the *Colorado River* doctrine. As a result, the Court finds that the present case should not be stayed pending the outcome of the state court case.

**IT IS THEREFORE ORDERED** that *Defendants Curry County Board of County Commissioners and Lance Pyle's Motion to Stay Proceedings and Memorandum in Support* ("Motion"), (Doc. 36), be **DENIED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE