# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

AMANDA SINFUEGO,

     Plaintiff,

vs.                                     No. CIV 15-0563 JB\GF

CURRY COUNTY BOARD OF COUNTY
COMMISSIONERS, a political sub-division
existing under the laws of the state of New
Mexico; LANCE PYLE, in his Official capacity
as County Manager, and individually, and TORI
SANDOVAL, in her official capacity as Curry
County Detention Center Administrator and in
her individual capacity,

     Defendants.

## <u>MEMORANDUM OPINION</u>[1]

**THIS MATTER** comes before the Court on Defendant Curry County Board of County Commissioners' Motion for Judgment on the Pleadings, filed February 21, 2017 (Doc. 87)("Motion"). The Court held a hearing on August 30, 2017. The primary issues are: (i) whether under the doctrine of collateral estoppel, the Memorandum Opinion and Order, No. CIV 15-0563, 2017 WL 3503380, filed February 14, 2017 (Doc. 85)("SJ MOO") that the

---

[1]This Memorandum Opinion follows the Court's Order, filed on September 20, 2017 (Doc. 99), disposing of: (i) Defendant Curry County Board of County Commissioners' Motion for Judgment on the Pleadings, filed February 21, 2017 (Doc. 87); and (ii) Memorandum Brief in Support of Defendant Curry County's Motion for Judgment on the Pleadings, filed February 21, 2017 (Doc. 88). In the Order, the Court indicated that it would, at a later date, issue a Memorandum Opinion more fully detailing its rationale for this decision. This Memorandum Opinion is the promised opinion.

Honorable Carmen E. Garza, Magistrate Judge for the District of New Mexico, wrote dismissing Amanda Sinfuego's claims of civil rights violations against Defendant Lance Pyle precludes Sinfuego from pursuing her same claims against Defendant Curry County Board of County Commissioners ("Curry County"); and (ii) whether the SJ MOO ruling precludes Sinfuego from pursuing her claims of civil rights violations against Curry County under the theory of law of the case.

Under collateral estoppel, the SJ MOO in Pyle's favor is not preclusive in the same action, because it is not a final adjudication. See Trujillo v. Rio Arriba Cty. ex rel. Rio Arriba Cty. Sheriff's Dep't, 319 F.R.D. 571, 639 (D.N.M. 2016)(Browning, J.). The SJ MOO in Pyle's favor is interlocutory, so it has no preclusive effect as to another defendant in the case. See SJ MOO at 29, 2017 WL 3503380, at *13. The Court thus concludes that the SJ MOO for Pyle does not preclude Sinfuego from pursuing her claims against Curry County under the doctrine of collateral estoppel. The Court also concludes that law of the case will not preclude Sinfuego from pursuing her claims against Curry County, because the SJ MOO is interlocutory and because new evidence may bear on Sinfuego's case against Curry County. Accordingly, the Court will deny the Motion.

## FACTUAL BACKGROUND

The Court takes the facts from Sinfuego's Civil Complaint For Violation of Civil Rights and the Whistleblower Protection Act, filed July 1, 2015 (Doc. 1)("Complaint"). The same standards for evaluating a 12(b)(6) motion apply to a motion for a judgment on the pleadings. See Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000)("A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under rule 12(b)(6)."). Thus, the Court accepts "all facts pleaded by the non-moving party as true and grants

all reasonable inferences from the pleadings in that party's favor." <u>Sanders v. Mountain Am. Fed.</u> <u>Credit Union</u>, 689 F.3d 1138, 1141 (10th Cir. 2012).

The Curry County Detention Center ("Curry Detention") hired Sinfuego in 2010.  <u>See</u> Complaint ¶ 11, at 5.  After beginning employment at Curry Detention, Sinfuego completed a one-year probationary period, and maintained "satisfactory" or better on all employee evaluations during her course of employment.  Complaint ¶¶ 12, 18, at 5.  Sinfuego was a member of the Teamsters Union and was active in efforts to organize the Curry Detention employees into a collective bargaining unit.  <u>See</u> Complaint ¶ 15, at 5.  On December 3, 2012, Sinfuego, along with another Curry Detention employee, spoke with Pyle, the Curry County Manager, about their concerns regarding conditions at Curry Detention, and Sinfuego discussed the potential for a collective bargaining unit to address these concerns.  <u>See</u> Complaint ¶ 16, at 5-6.  On December 6, 2012, Sinfuego sent a text message to all staff members of Curry Detention, in which she discussed Pyle and advised the staff members of the proposed next steps in forming a union.  <u>See</u> Complaint ¶ 19, at 6.  On December 13, 2012, Pyle sent an email to the Curry County attorney, in which Pyle stated that Sinfuego's message was "incorrect, misleading, and slanderous," and that he recommended that disciplinary action be taken against Sinfuego.  Complaint ¶¶ 21, 22, at 7-8.

Sinfuego made multiple complaints to her supervisors regarding the lack of cleaning supplies and unsanitary conditions at Curry Detention, of which Tori Sandoval, the acting, and then later permanent Detention Center Administrator, was aware.  <u>See</u> Complaint ¶¶ 24, 25, at 8-9.  Sinfuego states that Curry Detention employees were not provided with adequate supplies to perform their daily tasks and safely interact with inmates.  <u>See</u> Complaint ¶ 24, at 8.  At the time

that Sinfuego filed her Complaint, portions of Curry Detention were closed because of toxic mold. See Complaint ¶ 26, at 9.

On December 3, 2013, Sinfuego was informed that her employment was to be terminated. See Complaint ¶ 27, at 9. On January 7, 2014, Pyle upheld Sinfuego's termination. See Complaint ¶ 28, at 9. Sinfuego states that her termination was in retaliation for her engagement in protected activities, namely, the union organization and complaints about the state of Curry Detention. See Complaint ¶ 28, at 9.

## PROCEDURAL BACKGROUND

Sinfuego filed suit in the United States District Court for the District of New Mexico, alleging that: (i) pursuant to 42 U.S.C. § 1983, the Defendants violated her First Amendment to the Constitution of the United States of America freedom-of-speech rights; (ii) pursuant to 42 U.S.C. § 1983, the Defendants violated her First Amendment right to freely associate; (iii) pursuant to 42 U.S.C. § 1983, the Defendants violated her First Amendment right to petition for the redress of grievances; and (iv) the Defendants retaliated against her in violation of the New Mexico Whistleblower Protection Act, N.M. Stat. Ann. § 10-16C-3(A), ("NMWPA"). See Complaint ¶¶ 29-60, at 10-15. On September 19, 2016, Sinfuego and the Defendants agreed to voluntarily dismiss Sandoval from the case. See Stipulated Voluntary Dismissal with Prejudice of all Claims Against Defendant Tori Sandoval, filed September 19, 2016 (Doc. 53). Pyle then moved for summary judgment and qualified immunity on November 28, 2016. See Defendant Lance Pyle's Motion for Summary Judgment and Qualified Immunity, filed November 28, 2016 (Doc. 69)("SJ Motion"). Pyle argued that he was entitled to summary judgment, because Sinfuego failed to demonstrate that he violated her First Amendment rights as his only involvement in her employment termination was to confirm the termination recommendation and that the conversation

between himself and Sinfuego pertaining to her union activity took place over one year before her termination. See SJ Motion at 8-9.

On February 14, 2017, Magistrate Judge Garza, granted Pyle's motion for summary judgment and dismissed with prejudice all charges against him. See SJ MOO at 1; 2017 WL 3503380, at *1.[2] Regarding Sinfuego's contention that she was terminated in retaliation for her union activities, Magistrate Judge Garza concluded that, "[the] Plaintiff cannot show that her union activity was a substantial factor in the termination of her employment; consequently the Court will grant Defendant Pyle summary judgment." SJ Moo at 24; 2017 WL 3503380, at *11. Magistrate Judge Garza came to this conclusion after analyzing Sinfuego's claims under the test developed from Pickering v. Board of Education, 391 U.S. 563 (1968) and Garcetti v. Ceballos, 547 U.S. 410 (2006), the Garcetti/Pickering test. Magistrate Judge Garza concluded that Sinfuego's claim did not pass the fourth and fifth steps of the Garcetti/Pickering test,[3] because she "cannot show that

_____

[2]On July 1, 2015, after the commencement of Sinfuego's lawsuit, Magistrate Judge Garza was randomly assigned to preside over this matter. On May 3, 2017, the suit was randomly reassigned to this Court.

[3]In Brammer-Hoelter v. Twin Peaks Charter, Acad., 492 F.3d 1192 (2007), the United States Court of Appeals for the Tenth Circuit adopted the following five-prong analysis to examine First Amendment Retaliation claims:

> First, the Court must determine whether the employee speaks "pursuant to [his] official duties." If the employee speaks pursuant to his official duties, then there is no constitutional protection because the restriction on speech "simply reflects the exercise of employer control over what the employer itself has commissioned or created." Second, if an employee does not speak pursuant to his official duties, but instead speaks as a citizen, the court must determine whether the subject of the speech is a matter of public concern. If the speech is not a matter of public concern, the court must determine "whether the employee's interest in commenting on the issue outweighs the interest of the state as employer." Fourth, assuming the employee's interest outweighs that of the employer, the employee must show that his speech was a "substantial factor or a motivating factor in [a] detrimental employment decision. Finally, if the employee establishes that his speech was such

her union activity was a substantial factor in the termination of her employment," and her employment was terminated following her violation of the Curry County sexual harassment policy. SJ MOO at 24; 2017 WL 3503380, at *11.

### 1. **The Motion.**

On February 21, 2017, Curry County filed the Motion. <u>See</u> Motion at 1-2. Additionally, Curry County filed a Memorandum Brief in Support of Defendant Curry County's Motion for Judgment on the Pleadings, filed February 21, 2017 (Doc. 88)("Memo. Brief"). Curry County argues that the summary judgment in favor of Pyle precludes Sinfuego from pursuing her claims against Curry County under the doctrines of collateral estoppel and/or law of the case. <u>See</u> Motion at 1-2. Specifically, Curry County argues that Magistrate Judge Garza's earlier finding of a "lack of causation between Plaintiff's protected speech/activities and the termination of her employment with Curry County also necessitate the dismissal of the claims . . . brought against Curry County." Memo. Brief at 5. It follows, according to Curry County, that Sinfuego's constitutional rights were not violated, and thus "each of her Section 1983 claims against Curry County . . . fail as a matter of law." Memo. Brief at 6.

Regarding Sinfuego's claim under the NMWPA, Curry County also argues that Magistrate Judge Garza's "findings on the First Amendment retaliation theories preclude Plaintiff's NMWPA claim against Curry County." Memo. Brief at 7. Curry County argues that Sinfuego's "alleged

---

a factor, "the employer may demonstrate that it would have taken the same action against the employee even in the absence of the protected speech. The first three steps are to be resolved by the district court, while the last two are ordinarily for the trier of fact."

492 F.3d at 1202-03 (internal citations omitted).

'whistleblowing' activity . . . is exactly the same as her protected First Amendment activities."
Memo. Brief at 8. Curry County argues that law of the case applies to "those issues that were
'implicitly resolved in prior proceedings in the same court.'" Memo. Brief at 8 (citing Entek GRB,
LLC v. Stull Ranches, LLC, 840 F.3d 1239, 1241 (10th Cir. 2016)). Curry County argues that
because the Court has implicitly resolved the issue of causation regarding her union activity and
employment termination by deciding that the decision to terminate Sinfuego was appropriate, that
law-of-the-case doctrine is appropriate and applicable. See Memo. Brief at 8. Further, Curry
County argues that collateral estoppel applies to preclude Sinfuego's NMWPA claim against Curry
County. See Memo. Brief at 8. Curry County describes the required elements of collateral
estoppel and argues that all but the first element are straightforward. See Memo. Brief at 9-10.
Regarding the first element of collateral estoppel, which requires that "the issue previously decided
is identical with the one presented in the action in question," Curry County argues that, while the
causes of action for Sinfuego's first three counts are not identical to the fourth count, the causation
issue is identical between all four counts. See Memo. Brief at 9-10. Curry County argues that the
"same evidence and arguments" considered for summary judgment for the First Amendment
claims would also "defeat the causation element of Plaintiff's NMWPA claim." Memo. Brief at
10.

　　　　As to the remaining elements of collateral estoppel, Curry County argues that the issues
are straightforward. See Memo. Brief at 10. For the second element -- requiring that the prior
action have been finally adjudicated on the merits -- Curry County argues that the summary
judgment dismissal "qualifies as an adjudication on the merits." Memo. Brief at 10. Curry County
argues that the third element is satisfied, as "the Plaintiff is the same party whose claims against

Defendant Pyle were dismissed and against whom collateral estoppel is now being invoked." Memo. Brief at 10. Finally, as to the fourth element, Curry County argues that there did not exist in the previous matter any procedural limitations to "prevent Plaintiff from fully and fairly litigating the causation issue that effectively disposes of her NMWPA claim." Memo. Brief at 10-11.

      2.    **The Response**.

Sinfuego responds that Curry County's arguments fail, because her claims against Curry County are broader than the issue examined in the context of Pyle in the summary judgment matter and that the Court has not previously considered her claim pertaining to the NMWPA. See Plaintiff Amanda Sinfuego's Response to "Defendant Curry County's Motion for Judgment on the Pleadings" and Memorandum in Opposition, filed March 7, 2017 (Doc. 91)("Response"). Sinfuego first distinguishes the present matter from Entek GRB, LLC v. Stull Ranches, LLC (cited by Curry County in Motion). See Response at 4. She contends that the case pertains to a party re-appealing a matter with the same arguments that the party used earlier, but the present matter includes a Motion for Summary Judgment and a Motion for Judgment on the Pleadings. See Response at 4.

Sinfuego then argues that her First Amendment claims against Curry County are broader than what Magistrate Judge Garza examined in the summary judgment matter. Sinfuego argues that the summary judgment matter is narrowly focused on causation between her union activity and the termination of her employment, but that her claims against Curry County include much more, such as her complaints about the lack of supplies and the overall conditions at Curry Detention. See Response at 6-7. Sinfuego argues that her termination was therefore done in

retaliation not only for her union activities, but also for bringing the other issues to the attention of Curry Detention.  <u>See</u> Response at 8.

Regarding the NMWPA claim, Sinfuego also argues that her claim is broader than what Curry County alleges.  <u>See</u> Response at 10.  Sinfuego argues that she made repeated complaints to the Defendants throughout the term of her employment and that the Defendants are attempting to focus only on the December 3, 2012, meeting.  <u>See</u> Response at 10-11.  Sinfuego also argues that collateral estoppel is not applicable.  <u>See</u> Response at 11-13.  Sinfuego highlights that, to apply collateral estoppel, the party must have had a "full and fair opportunity to litigate the issue," and the Court has not ruled on any motions regarding the substance of the NMWPA claim.  Response at 13.  Instead, Sinfuego argues that the Defendants are using only the findings from the earlier SJ MOO, and the causes of action for the First Amendment claims and the NMWPA claim are not identical.  <u>See</u> Response at 12-13.  Collateral estoppel therefore cannot be applicable.  <u>See</u> Response at 12-13.

**3.      <u>The Reply</u>.**

Curry County replies that Sinfuego has only restated her complaint and requests that the Court find for Curry County on this matter.  <u>See</u> Reply Brief in Support of Defendant Curry County's Motion for Judgment on the Pleadings, filed March 17, 2017 (Doc.  92)("Reply").  Curry County disputes Sinfuego's argument that her claims against Curry County are "broader" than those against Pyle and reiterates that the summary judgment motion was granted because Magistrate Judge Garza concluded that there was not a strong causal connection between her union activity and her employment termination.  Reply at 2-3.  Curry County reiterates its position that,

"under law of the case and/or collateral estoppel principles, this finding necessarily defeats Plaintiff's First Amendment retaliation claims against Curry County." Reply at 3.

Curry County reiterates its argument that Sinfuego is precluded from pursuing the NMWPA claim. See Reply at 3. Curry County argues that:

> Since Plaintiff's alleged "whistleblowing" activity for the purpose of her NMWPA claim is the same as her protected speech for the purpose of her First Amendment retaliation claims, then her failure to establish she was terminated in retaliation for her protected speech also means that she cannot establish she was terminated in violation of the NMWPA.

Reply at 3. Curry County argues that Sinfuego does not address this problem, but instead repeats arguments that she attempted to employ at the summary judgment stage. See Reply at 3. Curry County then concedes -- for the purpose of the Motion -- that Sinfuego engaged in "whistleblowing" activity, but that Sinfuego cannot prevail, because Magistrate Judge Garza has already found that her "whistleblowing" activity was not a substantial factor in the termination of her employment. Reply at 4. Curry County also replies that Sinfuego, in her response, does not dispute that she had a "full and fair" opportunity to litigate the issue of causation. Reply at 4.

4.  **The Hearing.**

The Court held a hearing on August 30, 2017. The Court expressed its reservations about the argument from Curry County that Magistrate Judge Garza had made "findings," because the Court, in a summary judgment motion, determines only whether there are any genuine issues of material fact, and fact-finding is a task that is left to a jury -- an entity that is not present during summary judgment. Draft Transcript of Hearing at 6:4-10 (taken August 30, 2017)("Tr.")(Court).[4]

---

[4]The Court's citations to the hearing transcript refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Regarding collateral estoppel, the Court stated that the "second prong of collateral estoppel [is] fatal for [Curry County's] arguments." Tr. at 8:4-5. (Court). In response to the Court's inquiry as to whether Curry County was arguing that the Court was bound by the decision of the SJ MOO, Curry County stated: "I absolutely concede that this [summary judgment ruling favoring Pyle] is an interlocutory ruling by the Court and the Court can revisit that ruling, so this is purely [a] discretion[ary] decision by the Court as to whether to apply law of the case." Tr. at 10:10-14 (Smith). Sinfuego informed the Court that there is additional evidence recently obtained, and, thus, a summary judgment motion for Curry County would be different than the summary judgment motion for Pyle. See Tr. at 22:6-10 (Dixon). Specifically, Sinfuego informed the Court that there are two additional witnesses, along with recently made depositions. See Tr. at 23:5-7 (Dixon).

The Court informed the parties that it was "inclined to think that there is not collateral estoppel or law of the case here." Tr. at 30:7-8 (Court). The Court stated that because of Sinfuego's admission pertaining to additional witnesses, Sinfuego should be able to present the new witnesses, potentially in a summary judgment motion. See Tr. at 30:11-13 (Court). The Court advised that it likely would not move to the NMWPA claim, as that could be filed and litigated in state court. See Tr. at 31:16-18 (Court).

**5.     The Order.**

The Court entered the Order on September 20, 2017, denying Curry County's Motion. See Order at 4. The Court held that collateral estoppel and law of the case were inapplicable to the matter, largely because the summary judgment order was interlocutory in nature. See Order at 2-

3.  The Court advised that it would issue a Memorandum Opinion to more fully detail its rationale for this decision.  See Order at 1.  This Memorandum Opinion is the promised opinion.

## LAW REGARDING RULE 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994).  The Complaint's sufficiency is a question of law, and, when considering a rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the nonmoving party, and draw all reasonable inferences in the plaintiff's favor.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)("[O]nly if a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss."); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pled factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." (citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006))).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. at 678.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. at 555.

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. at 570; Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis omitted). The United States Court of Appeals for the Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(citations omitted)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570). See Gallegos v. Bernalillo Cty. Board of Cty. Comm'rs, 278 F. Supp. 3d 1245, 1259 (D.N.M. 2017)(Browning, J.).

"When a party presents matters outside of the pleadings for consideration, as a general rule 'the court must either exclude the material or treat the motion as one for summary judgment.'" Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 861 F.3d 1081, 1103 (10th Cir.

2017)(quoting <u>Alexander v. Oklahoma</u>, 382 F.3d 1206, 1214 (10th Cir. 2004)).  There are three limited exceptions to this general principle: (i) documents that the complaint incorporates by reference, <u>see</u> <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. at 322; (ii) "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity," <u>Jacobsen v. Deseret Book Co.</u>, 287 F.3d 936, 941 (10th Cir. 2002); and (iii) "matters of which a court may take judicial notice," <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. at 322.  <u>See also</u> <u>Brokers' Choice of Am., Inc. v. NBC Universal, Inc.</u>, 861 F.3d at 1103 (holding that the district court did not err by reviewing a seminar recording and a TV episode on a rule 12(b)(6) motion, which were "attached to or referenced in the amended complaint," central to the plaintiff's claim, and "undisputed as to their accuracy and authenticity").  "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."  <u>Van Woudenberg v. Gibson</u>, 211 F.3d 560, 568 (10th Cir. 2000), <u>abrogated on other grounds by</u> <u>McGregor v. Gibson</u>, 248 F.3d 946, 955 (10th Cir. 2001).

In <u>Gee v. Pacheco</u>, 627 F.3d 1178 (10th Cir. 2010), the defendants "supported their motion with numerous documents, and the district court cited portions of those motions in granting the [motion to dismiss]."  627 F.3d at 1186.  The Tenth Circuit held that "[s]uch reliance was improper" and that, even if "the district court did not err initially in reviewing the materials, the court improperly relied on them to refute Mr. Gee's factual assertions and effectively convert the motion to one for summary judgment."  627 F.3d at 1186-87.  In other cases, the Tenth Circuit has emphasized that, "[b]ecause the district court considered facts outside of the complaint, however, it is clear that the district court dismissed the claim under Rule 56(c) and not Rule 12(b)(6)."  <u>Nard</u>

v. City of Okla. City, 153 F. App'x 529, 534 n.4 (10th Cir. 2005)(unpublished).[5]  In Douglas v.

Norton, 167 F. App'x 698 (10th Cir. 2006)(unpublished), the Tenth Circuit addressed an untimely

filed charge with the Equal Employment Opportunity Commission -- which the Tenth Circuit

analogized to a statute of limitations -- and concluded that, because the requirement was not

jurisdictional, the district court should have analyzed the question under rule 12(b)(6), and

"because the district court considered evidentiary materials outside of Douglas' complaint, it

should have treated Norton's motion as a motion for summary judgment."  167 F. App'x at 704-

05.

The Court has previously ruled that, when a plaintiff references and summarizes

defendants' statements in a complaint, the Court cannot rely on documents containing those

statements that the Defendant's attach in their briefing.  See Mocek v. City of Albuquerque, No.

CIV 11-1009 JB/KBM, 2013 WL 312881, at *50-51 (D.N.M. Jan. 14, 2013)(Browning, J.).  The

Court reasoned that the statements were neither incorporated by reference nor central to the

_____

[5]Nard v. City of Okla. City is an unpublished opinion, but the Court can rely on an
unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th
Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their
persuasive value.").  The Tenth Circuit has stated

> "In this circuit, unpublished orders are not binding precedent, . . . [a]nd we have
> generally determined that citation to unpublished opinions is not favored.
> However, if an unpublished opinion or order and judgment has persuasive value
> with respect to a material issue in a case and would assist the court in its disposition,
> we allow a citation to that decision."

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court finds that Nard v. City
of Okla. City, Douglas v. Norton, 167 F. App'x 698 (10th Cir. 2006), Rhoads v. Miller, [352
F. App'x 289 (10th Cir. 2009), Poche v. Joubran, 389 F. App'x. 768 (10th Cir. 2010), and Wallace
v. United States, 372 F. App'x. 826 (10th Cir. 2010), have persuasive value with respect to a
material issue, and will assist the Court in its disposition of this Memorandum Opinion.

plaintiff's allegations in the complaint, because the plaintiff cited the statements only to attack the Defendant's reliability and truthfulness. See 2013 WL 312881, at *50-51. The Court has also previously ruled that, when determining whether to toll a statute of limitations in an action alleging fraud and seeking subrogation from a defendant, the Court may not use interviews and letters attached to a motion to dismiss, which show that a plaintiff was aware of the defendant's alleged fraud before the statutory period expired. See Great Am. Co. v. Crabtree, No. CIV 11-1129 JB/KBM, 2012 WL 3656500, at *3, *22-23 (D.N.M. Aug. 23, 2012)(Browning, J.)("Crabtree"). The Court, in Crabtree, determined that the documents did not fall within any of the Tenth Circuit's exceptions to the general rule that a complaint must rest on the sufficiency of its contents alone, as the complaint did not incorporate the documents by reference or refer to the documents. See 2012 WL 3656500, at *22-23; Mocek v. City of Albuquerque, 2013 WL 312881, at *50 (refusing to consider statements that were not "central to [the plaintiff's] claims").

On the other hand, in a securities class action, the Court has ruled that a defendant's operating certification, to which plaintiffs refer to in their complaint, and which was central to whether the plaintiffs adequately alleged a loss, falls within an exception to the general rule, so the Court may consider the operating certification when ruling on the defendant's motion to dismiss without converting the motion into one for summary judgment. See Genesee Cty. Emps.' Ret. Sys. v. Thornburg Mortg. Secs. Tr. 2006-3, 825 F. Supp. 2d 1082, 1150-51 (D.N.M. 2011)(Browning, J.); Mata v. Anderson, 760 F. Supp. 2d 1068, 1101 (D.N.M. 2009)(Browning, J.)(relying on documents outside of the complaint because they were "documents that a court can appropriately view as either part of the public record, or as documents upon which the Complaint relies, and the authenticity of which is not in dispute"); Sec. & Exch.

Comm'n v. Goldstone, 952 F. Supp. 2d 1060, 1217-18 (D.N.M. 2013)(Browning, J.)(considering, on a motion to dismiss, electronic mail transmissions referenced in the complaint as "documents referred to in the complaint," which are "central to the plaintiff's claim" and whose authenticity the plaintiff did not challenge).

## LAW REGARDING JUDGMENT ON THE PLEADINGS

"After the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A "[j]udgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, 442 F.3d 1239, 1244 (10th Cir. 2006)(quoting United States v. Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000)). The same standards for evaluating a 12(b)(6) motion apply to a motion for a judgment on the pleadings. See Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d at 1160 ("A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under rule 12(b)(6)."). Thus, a court accepts "all facts pleaded by the non-moving party as true and grants all reasonable inferences from the pleadings in that party's favor." Sanders v. Mountain Am. Fed. Credit Union, 689 F.3d at 1141. All of the nonmoving parties' allegations are deemed true, and all of the movants' contrary assertions are deemed false. See Nat'l Metro. Bank v. United States, 323 U.S. 454, 456-57 (1945); Ramirez v. Dep't of Corr., 222 F.3d 1238, 1240 (10th Cir. 2000); Freeman v. Dep't of Corr., 949 F.2d 360, 361 (10th Cir. 1991).

Under rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those

allegations as true." Mobley v. McCormick, 40 F.3d at 340. A complaint challenged by a rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but a plaintiff's obligation to set forth the grounds of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. at 555. A plaintiff must "nudge his claims across the line from conceivable to plausible" to survive a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. at 570. "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, LLC v. Schneider, 493 F.3d at 1177. The Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." [Bell Atl. Corp. v. Twombly, 550 U.S. at 576 n.3]. See Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663, 667 (7th Cir. 2007)("[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."). The Twombly[v. Iqbal] Court was particularly critical of complaints that "mentioned no specific time, place, or person involved in the alleged conspiracies." [550 U.S. at 591] n.10.

Given such a complaint, "a defendant seeking to respond to plaintiffs' conclusory allegations . . . would have little idea where to begin." Id.

Robbins v. Oklahoma, 519 F.3d at 1247-48.

A court must convert a motion to dismiss into a motion for summary judgment if "matters outside the pleading are presented to and not excluded by the court," and "all parties . . . [are] given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(d). Facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment. See Grynberg v. Koch Gateway Pipeline Co., 390 F.3d 1276, 1279 n.1 (10th Cir. 2004)(citing 27A Federal Procedure, Lawyers' Ed. § 62:520 (2003)). Furthermore, when considering a motion to dismiss, "the court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." Van Woudenberg v. Gibson, 211 F.3d at 568, abrogated on other grounds by McGregor v. Gibson, 248 F.3d at 955. A court may consider documents to which the complaint refers if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity. See Jacobsen v. Deseret Book Co., 287 F.3d at 941-42. If, however, a complaint does not reference or attach a document, but the complaint refers to the document, and the document is central to the plaintiff's claim, the defendant may submit an "indisputably authentic copy to the court to be considered on a motion to dismiss." GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). See 5A Charles Alan Wright & Arthur Miller, Federal Practice & Procedure § 1327, at 438-39 (3d ed. 2004)("[W]hen the plaintiff fails to introduce a pertinent document as part of her pleading . . . the defendant may introduce the document as an exhibit to a motion attacking the sufficiency of the pleading.").

# LAW REGARDING MOTIONS FOR SUMMARY JUDGMENT

Rule 56(a) of the Federal Rules of Civil Procedure states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The movant bears the initial burden of 'show[ing] that there is an absence of evidence to support the nonmoving party's case.'"  Herrera v. Santa Fe Pub. Sch., 956 F. Supp. 2d 1191, 1221 (D.N.M. 2013)(Browning, J.)(quoting Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991)).  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)("Celotex").

> Before the court can rule on a party's motion for summary judgment, the moving party must satisfy its burden of production in one of two ways: by putting evidence into the record that affirmatively disproves an element of the nonmoving party's case, or by directing the court's attention to the fact that the non-moving party lacks evidence on an element of its claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Celotex, 477 U.S. at 323-25.  On those issues for which it bears the burden of proof at trial, the nonmovant "must go beyond the pleadings and designate specific facts to make a showing sufficient to establish the existence of an element essential to his case in order to survive summary judgment."  Cardoso v. Calbone, 490 F.3d 1194, 1197 (10th Cir. 2007).

Plustwik v. Voss of Nor. ASA, No. CIV 11-0757, 2013 WL 1945082, at *1 (D. Utah May 9, 2013)(Sam, J.).  "If the *moving* party will bear the burden of persuasion at trial, that party must support its motion with credible evidence -- using any of the materials specified in Rule 56(c) -- that would entitle it to a directed verdict if not controverted at trial."  Celotex, 477 U.S. at 331 (Brennan J., dissenting)(emphasis in original).[6]  Once the movant meets this burden, rule 56

---

[6]Although the Honorable William J. Brennan, Jr., Associate Justice of the Supreme Court of the United States, dissented in Celotex, this sentence is widely understood to be an accurate statement of the law.  See 10A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 2727, at 470 (3d ed. 1998)("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case.").

requires the nonmoving party to designate specific facts showing that there is a genuine issue for trial. See Celotex, 477 U.S. at 324; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)("Liberty Lobby"). In American Mechanical Solutions, LLC v. Northland Process Piping, Inc., 184 F. Supp. 3d 1030 (D.N.M. 2016)(Browning, J.), the Court granted summary judgment for the defendant when the plaintiff did not offer expert evidence supporting causation or proximate causation in its breach-of-the-implied-warranty-of-merchantability claims. 184 F. Supp. 3d at 1075. The Court reasoned that the plaintiff could prove neither the breach-of-contract claim's causation requirement nor the breach-of-the-implied-warranty-of-merchantability claims' proximate-causation requirement with mere common knowledge, and the plaintiff provided no expert testimony bolstering its arguments. See 184 F. Supp. 3d at 1075, 1079. Without the requisite evidence, the plaintiff, the Court determined, failed to prove "an essential element of the nonmoving party's case," rendering "all other facts immaterial." 184 F. Supp. 3d at 1075 (quoting Plustwik v. Voss of Nor. ASA, 2013 WL 1945082, at *1).

The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). See Vitkus v. Beatrice Co., 11 F.3d 1535, 1539 (10th Cir. 1993)("However, the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." (internal quotation marks omitted)(quoting Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d at 1241)). Rule 56(c)(1) provides: "A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including

depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). It is not enough for the party opposing a properly supported motion for summary judgment to "rest on mere allegations or denials of his pleadings." Liberty Lobby, 477 U.S. at 256. See Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 (10th Cir. 1990); Otteson v. United States, 622 F.2d 516, 519 (10th Cir. 1980)("[O]nce a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried." (internal quotation marks omitted)(quoting Coleman v. Darden, 595 F.2d 533, 536 (10th Cir. 1979)).

Nor can a party "avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation." Colony Nat'l Ins. Co. v. Omer, No. CIV 07-2123, 2008 WL 2309005, at *1 (D. Kan. June 2, 2008)(Robinson, J.)(citing Fed. R. Civ. P. 56(e); Argo v. Blue Cross & Blue Shield of Kan., Inc., 452 F.3d 1193, 1199 (10th Cir. 2006)). "In responding to a motion for summary judgment, 'a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial.'" Colony Nat'l Ins. Co. v. Omer, 2008 WL 2309005, at *1 (quoting Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988)).

To deny a motion for summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Liberty Lobby, 477 U.S. at 250. A mere "scintilla" of evidence will not avoid summary judgment. Vitkus v. Beatrice Co., 11 F.3d at 1539 (citing Liberty Lobby, 477 U.S. at 248). Rather, there

must be sufficient evidence on which the fact finder can reasonably find for the nonmoving party. See Liberty Lobby, 477 U.S. at 251 (quoting Vitkus v. Beatrice Co., 11 F.3d at 1539; Schuylkill & Dauphin Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)).  "[T]here is no evidence for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.   If the evidence is merely colorable . . . or is not significantly probative, . . . summary judgment may be granted."  Liberty Lobby, 477 U.S. at 249 (citations omitted)(citing First Nat. Bank of Ariz. V. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Dombrowski v. Eastland, 387 U.S. 82 (1967).  Where a rational trier of fact, considering the record as a whole, cannot find for the nonmoving party, there is no genuine issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When reviewing a motion for summary judgment, the court should keep in mind certain principles.  First, the court's role is not to weigh the evidence, but to assess the threshold issue whether a genuine issue exists as to material facts requiring a trial.  See Liberty Lobby, 477 U.S. at 249.  Second, the ultimate standard of proof is relevant for purposes of ruling on a summary judgment, such that, when ruling on a summary judgment motion, the court must "bear in mind the actual quantum and quality of proof necessary to support liability."  Liberty Lobby, 477 U.S. at 254.  Third, the court must resolve all reasonable inferences and doubts in the nonmoving party's favor, and construe all evidence in the light most favorable to the nonmoving party.  See Hunt v. Cromartie, 526 U.S. 541, 550-55 (1999); Liberty Lobby, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").  Fourth, the court cannot decide any issues of credibility.  See Liberty Lobby, 477 U.S. at 255.

There are, however, limited circumstances in which the court may disregard a party's version of the facts. This doctrine developed most robustly in the qualified immunity arena. In Scott v. Harris, 550 U.S. 372 (2007), the Supreme Court of the United States concluded that summary judgment is appropriate where video evidence "quite clearly contradicted" the plaintiff's version of the facts. 550 U.S. at 378-81. The Supreme Court explained:

> At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. Fed. Rule Civ. Proc. 56(c). As we have emphasized, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. [at] 586-587 . . . (footnote omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. [at] 247-248 . . . . When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.
>
> That was the case here with regard to the factual issue whether respondent was driving in such fashion as to endanger human life. Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape.

Scott v. Harris, 550 U.S. at 380-81 (emphasis in original).

The Tenth Circuit applied this doctrine in Thomson v. Salt Lake County, 584 F.3d 1304 (10th Cir. 2009), and explained:

> [B]ecause at summary judgment we are beyond the pleading phase of the litigation, a plaintiff's version of the facts must find support in the record: more specifically, "[a]s with any motion for summary judgment, when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts." York v. City of Las Cruces, 523 F.3d 1205, 1210 (10th Cir. 2008)(quoting Scott[v.

[Harris], 550 U.S. at 380); see also Estate of Larsen ex rel. Sturdivan v. Murr, 511 F.3d 1255, 1258 (10th Cir. 2008).

Thomson v. Salt Lake Cty., 584 F.3d at 1312 (brackets omitted). "The Tenth Circuit, in Rhoads v. Miller, [352 F. App'x 289 (10th Cir. 2009)(unpublished),] explained that the blatant contradictions of the record must be supported by more than other witnesses' testimony[.]" Lymon v. Aramark Corp., 728 F. Supp. 2d 1222, 1249 (D.N.M. 2010)(Browning, J.), aff'd, 499 F. App'x 771 (10th Cir. 2012).

## LAW REGARDING COLLATERAL ESTOPPEL OR ISSUE PRECLUSION

"The doctrine of issue preclusion[, also known as collateral estoppel,] prevents a party that has lost the battle over an issue in one lawsuit from relitigating the same issue in another lawsuit." Melnor, Inc. v. Corey (In re Corey), 583 F.3d 1249, 1251 (10th Cir. 2009)("In re Corey"). "Under federal law, issue preclusion attaches only when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment." In re Corey, 583 F.3d at 1251 (internal quotations and alternations omitted)(quoting Arizona v. California, 530 U.S. 392, 414 (2000))). See Restatement (Second) of Judgments § 27 ("When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."). "Issue preclusion not only promotes judicial efficiency and repose but also prevents the embarrassment resulting from inconsistent determinations of the same question." Butler v. Pollard, 800 F.2d 223, 225 (10th Cir. 1986)(citing Heyman v. Kline, 456 F.2d 123, 130-31 (1972 2d Cir.)).

"Collateral estoppel, or issue preclusion, can be used either defensively or offensively." O'Brien v. Mitchell, 883 F. Supp. 2d 1055, 1084 (D.N.M. 2012)(Browning, J.). "In both the

offensive and defensive use situations, the party against whom estoppel is asserted has litigated and lost in an earlier action." Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 329 (1979). Further, in either the offensive and defensive use situation, the party asserting issue preclusion bears the burden of proof. See Adams v. Kinder-Morgan, Inc., 340 F.3d 1083, 1093 (10th Cir. 2003)(citing Felder v. King (In re King), 103 F.3d 17, 19 (5th Cir. 1997)). The Tenth Circuit has made clear that four elements must be shown:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been fully adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Adams v. Kinder-Morgan, Inc., 340 F.3d at 1093 (internal quotation marks omitted)(quoting United States v. Botefuhr, 309 F.3d 1263, 1282 (10th Cir. 2002)). Regarding the fourth element, the Tenth Circuit has also said that collateral estoppel requires that "the role of the issue in the second action was foreseeable in the first action." Butler v. Pollard, 800 F.2d at 225 (citing 18 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure, § 4416, at 137-38 (1981)). "Only where the party invoking the doctrine shows that all the elements are met will collateral estoppel operate as a preclusive defense." Stan Lee Media, Inc. v. Walt Disney Co., 774 F.3d 1292, 1297-98 (10th Cir. 2014).

"A prior issue has not been finally adjudicated on the merits unless the adjudication was necessary to the judgment." Edwell v. Chase, No. CIV 05-34 JB/RHS, 2005 WL 3664804, at *4 (D.N.M. Dec. 7, 2005)(Browning, J.). See Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation, 975 F.2d 683, 687 (10th Cir. 1992); Ins. Co. of N. Am. v. Norton, 716 F.2d 1112, 1115 (7th Cir. 1983)("It is axiomatic that a party will be precluded by collateral estoppel from

relying on an argument only where the determination as to the argument relied on was essential to the judgment in a prior action."). See generally 18 C. Wright & A. Miller, supra § 4421, at 536-82 (reviewing "necessarily decided" as an element of issue preclusion).

A jury's finding of fact, necessarily made in reaching a general verdict on a claim, may preclude a determination of the same factual issue at a subsequent trial. See Butler v. Pollard, 800 F.2d at 225 ("We find that issue preclusion is present . . . . By finding for the defendants in the general verdict, the jury, of necessity, concluded . . . that there was no trespass in this case."); Copar Pumice Co. v. Morris, No. CIV 07-0079 JB/ACT, 2009 WL 5201799, at *10 (Browning, J.)("The United States Court of Appeals for the Tenth Circuit has applied the doctrine of issue preclusion in holding that a jury's verdict binds the trial court where the jury determined factual issues that are common to the claims . . . [presented to] the court." (citing AG Servs. of Am., Inc. v. Nielsen, 231 F.3d 726, 731-32 (10th Cir. 2000))). See also Westinghouse Elec. Corp. v. Gen. Circuit Breaker & Elec. Supply Inc., 106 F.3d 894, 901 (9th Cir. 1997)("Similar to traditional issue preclusion analysis, the district court in this case merely drew inferences from the verdicts to determine the issues that the presumptively rational jurors must have determined, and then used those implicit findings of fact as the basis for judgment as to certain issues."); Chew v. Gates, 27 F.3d 1432, 1438 (9th Cir. 1994)("Where the prior judgment was based on a general verdict, the inquiry is whether rational jurors must necessarily have determined the issue as to which estoppel is sought." (citing United States v. Seley, 957 F.2d 717, 721, 722 n.3 (9th Cir. 1992); Davis & Cox v. Summa Co., 751 F.2d 1507, 1518 (9th Cir. 1985)).

When determining whether a jury's verdict precludes an issue of fact at a subsequent trial, courts are to "examine the possible inferences from the verdict against" the issue of fact for which

preclusion is sought. AG Servs. of Am., Inc. v. Nielsen, 231 F.3d at 731-32. "The true test is whether the jury verdict by necessary implication reflects the resolution of a common factual issue." AG Servs. of Am., Inc. v. Nielsen, 231 F.3d at 732. "If so, the district court may not ignore that determination . . . ." AG Servs. of Am., Inc. v. Nielsen, 231 F.3d at 732. See Copar Pumice Co. v. Morris, 2009 WL 5201799, at *10 ("The Court is bound by both the actual findings of the jury and those that were necessarily implicit in its verdict . . . ."). In order "[t]o determine whether the jury's verdict necessarily resolved the factual issues arising [in a claim], the Court 'must consider what findings are explicit or necessarily implied by the verdict, including examining alternative bases by which the jury could have reached its conclusion.'" Sec. & Exch. Comm'n v. Goldstone, 233 F. Supp. 3d 1169, 1205 (D.N.M. 2017)(Browning, J.)(quoting Bangert Bros. Const. Co. v. Kiewit W. Co., 310 F.3d 1278, 1299 (10th Cir. 2002)).

## LAW REGARDING LAW OF THE CASE

"Under the law-of-the-case doctrine, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" Poche v. Joubran, 389 F. App'x 768, 774 (10th Cir. 2010)(unpublished)(quoting Dobbs v. Anthem, 600 F.3d 1275, 1279 (10th Cir. 2010)). The Tenth Circuit has "acknowledged, however, that 'the rule [of law of the case] is a flexible one that allows courts to depart from erroneous prior rulings, as the underlying policy of the rule is one of efficiency, not restraint of judicial power.'" Been v. O.K. Indus., Inc., 495 F.3d 1217, 1225 (10th Cir. 2007)(internal citation omitted)(citing Prairie Band Potawatomi Nation v. Wagnon, 476 F.3d 818, 823 (10th Cir. 2007)). The Tenth Circuit has stated that this flexibility means "the doctrine is merely a 'presumption, one whose strength varies with the circumstances.'" Been v. O.K. Indus., Inc., 495 F.3d at 1225 (quoting Avitia v. Metro. Club of Chicago, Inc., 49 F.3d 1219, 1227 (7th Cir. 1995), and citing Homans v. City of

Albuquerque, 366 F.3d 900, 904 (10th Cir. 2004)("[T]he doctrine is discretionary rather than mandatory.")). "If the original ruling was issued by a higher court, a district court should depart from the ruling only in exceptionally narrow circumstances." Been v. O.K. Indus., Inc., 495 F.3d at 1225 (citing McIlravy v. Kerr-McGee Coal Corp., 204 F.3d 1031, 1035 (10th Cir. 2000)).

Only "final judgments may qualify as law of the case." Poche v. Joubran, 389 F. App'x at 774 (quoting Unioil, Inc. v. Elledge (In re Unioil, Inc.), 962 F.2d 988, 993 (10th Cir. 1992)("In Re Unioil, Inc."). The doctrine is inapplicable where "a ruling remains subject to reconsideration." Wallace v. United States, 372 F. App'x 826, 828 (10th Cir. 2010)(unpublished)(quoting In re Unioil, Inc., 962 F.2d at 993; other citations omitted). This means that "district courts generally remain free to reconsider their earlier interlocutory orders." Been v. O.K. Indus., Inc., 495 F.3d at 1225 (citing Harlow v. Children's Hosp., 432 F.3d 50, 55 (1st Cir. 2005); United States v. Smith, 389 F.3d 944, 949 (9th Cir. 2004)(explaining that a district court may review its prior rulings so long as it retains jurisdiction over the case)).

Similarly, this Court has stated that "[l]aw of the case is a doctrine that binds the trial court after an appeal." Lane v. Page, 727 F. Supp. 2d, 1214, 1230 (D.N.M. 2010)(Browning, J.)(citing Clark v. State Farm Mut. Auto. Ins., 590 F.3d 1134, 1140 (10th Cir. 2009)). In Clark v. State Farm Mutual Automobile Insurance, the Tenth Circuit stated:

> Under the law of the case doctrine, a legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.

590 F.3d at 1140.

## <u>ANALYSIS</u>

The Court will deny the Motion, because the previous SJ MOO does not preclude Sinfuego from pursuing her four claims against Curry County. The SJ MOO holding is interlocutory, because it only applies to one defendant and does not end Sinfuego's suit. Curry County has therefore not met the second element necessary for collateral estoppel to apply in this matter. The SJ MOO's interlocutory nature also precludes law of the case from applying in this matter. <u>See Rimbert v. Eli Lilly and Co.</u>, 647 F.3d 1247, 1252 (10th Cir. 2011)("[L]aw of the case has no bearing on the revisiting of interlocutory orders . . . ."). Further, the law-of-the-case doctrine is not mandatory, and the Court exercises its discretion to not apply it here. <u>See Bishop v. Smith</u>, 760 F.3d 1070, 1082 (10th Cir. 2014)("[L]aw-of-the-case doctrine is discretionary, not mandatory." (internal quotation marks omitted)(quoting <u>Kennedy v. Lubar</u>, 273 F.3d 1293, 1299 (10th Cir. 2001))). Finally, an exception to law of the case is if new evidence emerges. <u>See Bishop v. Smith</u>, 760 F.3d at 1086. In this matter, Sinfuego has represented that she will present "additional information" and evidence to the Court. Tr. at 22:6-7 (Dickson). <u>See id</u>. at 29:5-11 (Dickson).

## I. THE COURT WILL DENY THE MOTION, BECAUSE COLLATERAL ESTOPPEL IS NOT APPLICABLE IN THIS MATTER.

Collateral estoppel does not preclude Sinfuego from pursuing her claims against Curry County. The SJ MOO in favor of Pyle was interlocutory. It was not a final ruling on the merits of Sinfuego's claims; rather, it was a limited ruling, applicable to one of the Defendants, but not to Curry County.

The Tenth Circuit, in <u>Adams v. Kinder-Morgan, Inc.</u>, explained that a movant must show four elements for collateral estoppel to apply. <u>See</u> 340 F.3d at 1093. Included among these

elements is the requirement that the prior action has been fully adjudicated on the merits. See 340

F.3d at 1093. Rule 54(b) of the Federal Rules of Civil Procedure explicitly provides:

> [A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties rights and liabilities.

Fed. R. Civ. P. 54(b). The SJ MOO adjudicated Pyle's liabilities, but left intact Sinfuego's claims

against Curry County. The SJ MOO is interlocutory. The action against Curry County has not

ended, nor is the decision in the SJ MOO "necessary to [a] judgment" against Curry County.

Edwell v. Chase, 2005 WL 3664804, at *4.

Curry County argues that the earlier ruling of summary judgment for Pyle is an

adjudication on the merits and cites Augustine v. Adams, 88 F. Supp. 2d 1166, 1172 (D. Kan.

2000)(VanBebber, J.) as support for its position. See Memo. Brief at 10. In that matter, the

defendant parties moved for summary judgment, and the court ruled in their favor. See 88 F. Supp.

2d at 1169. The plaintiff, then seeking to appeal the court's summary judgment decisions,

voluntarily dismissed the remaining defendant and appealed to the Tenth Circuit. See 88 F. Supp.

2d at 1169. The Tenth Circuit dismissed her appeal, because it "lacked jurisdiction over the appeal

because [the district] court had not adjudicated all of the claims against all of the parties as required

by Fed. R. Civ. P. 54(b)." 88 F. Supp. 2d at 1169. The plaintiff then filed another action against

the same parties for the same claims. See 88 F. Supp. 2d at 1169. The district court concluded

that the plaintiff's claims were precluded under collateral estoppel and res judicata. See 88

F. Supp. 2d at 1171-72. The Court does not agree that the facts in the present matter are

comparable to those in Augustine v. Adams. In that matter, plaintiff filed suit against the same

defendants for the same claims, after the district court had already granted the parties' summary

judgment motions. The district court ruled that, at least for the purposes of collateral estoppel, a finding of summary judgment is a final judgment on the merits. See Augustine v. Adams, 88 F. Supp. 2d at 1172. In contrast, in the present matter, summary judgment has been granted to one of the Defendants, but Curry County has not moved for summary judgment, nor has summary judgment been granted to Curry County. Sinfuego has not filed another suit against the same parties. This lawsuit is still the original action that Sinfuego initiated. The district court in Augustine v. Adams acknowledged that the Tenth Circuit has not settled on whether summary judgment for one party is a final judgment, at least for the purposes of collateral estoppel, see 88 F. Supp. 2d at 1172, but the facts are sufficiently different from Augustine v. Adams that the Court does not have to decide this question. Accordingly, the Court will deny Curry County's request to dismiss Sinfuego's claims on the basis of collateral estoppel.

## II. THE COURT WILL DENY THE MOTION, BECUASE LAW OF THE CASE DOES NOT PRECLUDE SINFUEGO FROM PURSUING HER CLAIMS AGAINST CURRY COUNTY.

The Court concludes that law of the case is not applicable in this matter, as the SJ MOO is interlocutory, and Sinfuego has advised the Court that additional information pertaining to her claims against Curry County will be forthcoming. The presence of just one of the above factors precludes law of the case from being applied to the present matter. Further, law-of-the-case doctrine is discretionary, and the Court does not find it implicated at this stage. See Kennedy v. Lubar, 273 F.3d at 1299. There has not been an appeal, and typically law of the case is applied if a matter has been appealed and then remanded to a district court. See Noland v. City of Albuquerque, No. CIV-08-0056 JB/LFG, 2011 WL 13290262, at *20 (D.N.M. Jan. 26, 2011)(Browning, J.). "[T]he general rule should be that a court deal with each claim and party on its merits, rather than employing . . . law of the case to avoid its responsibility to deal with each

case on its merits." Noland v. City of Albuquerque, 2011 WL 13290262, at *21. The Court thus denies Curry County's motion and concludes that law of the case does not preclude Sinfuego's claims.

### A.    THE SUMMARY JUDGMENT FOR PYLE IS INTERLOCUTORY.

Regarding the law-of-the-case doctrine, only "final judgments may qualify." Poche v. Joubran, 389 F. App'x at 774 (quoting In re Unioil, Inc., 962 F.2d at 933). The SJ MOO is not a final judgment because it is not a final ruling on the merits of Sinfuego's claims, as it was applicable only to one of the Defendants. At the hearing, Curry County stated: "I absolutely concede that this [summary judgment ruling favoring Pyle] is an interlocutory ruling by the Court and the Court can revisit that ruling, so this is purely [a] discretion[ary] decision by the Court as to whether to apply law of the case." Tr. at 10:10-14 (Smith). By acknowledging that the summary judgment motion for Pyle is interlocutory, Curry County agrees that law-of-the-case doctrine would not be applicable in this current matter.

In its Motion, Curry County argues that the previous SJ MOO for Pyle qualifies as a final judgment and cites Augustine v. Adams as support for its position. As discussed above in the analysis for collateral estoppel, Curry County's argument does not convince the Court, and the facts of Augustine v. Adams are not comparable to the facts in the present matter. In Augustine v. Adams, the district court granted summary judgment to multiple defendant parties, and the plaintiff then voluntarily dismissed the sole remaining party and filed claims against the same defendants who had already been granted summary judgment. See 88 F. Supp. 2d at 1169. After filing motions to dismiss under collateral estoppel, the district court granted defendants' motions, and concluded that, at least as to collateral estoppel matters, summary judgment is a final matter.

See Augustine v. Adams, 88 F. Supp. 2d at 1172.  However, in that matter, the defendants in question had already been granted summary judgment.  See 88 F. Supp. 2d at 1169.  In the present case, the Court has not granted summary judgment to Curry County.

**B.     SINFUEGO HAS STATED THAT SHE WILL PRESENT NEW EVIDENCE TO THE COURT.**

At the hearing on August 30, 2017, Sinfuego represented to the Court that she will present additional evidence and information regarding her claims.  See Tr. at 29:5-11 (Dickson).  The Court accordingly determines that law of the case is inapplicable, because new evidence may bear on Sinfuego's claims against Curry County.

Law of the case is subject to exceptions.  One of the recognized exceptions is if new evidence emerges.  See Bishop v. Smith, 760 F.3d 1070, 1086 (10th Cir. 2014)(examining an affidavit to see if it meets the standard for "new evidence"); Smith Machinery Co., Inc. v. Hesston Corp., 878 F.2d 1290, 1292-94 (10th Cir. 1989)(affirming a district court's conclusion that "law-of-the case doctrine does not prevent the correction of a prior erroneous ruling or apply in cases in which new evidence [is] presented to [the] court.").  The Court held a hearing on August 30, 2017.  At the hearing, Sinfuego represented that new evidence was forthcoming.  See Tr. at 22:6-7 (Dixon), id. at 23:5-8 (Dixon).  The Court finds that Sinfuego's representations may bear on her case against Curry County, and therefore, this potentially new evidence serves as an exception to law of the case.  Because this is one established exception, the Court denies Curry County's motion to preclude Sinfuego's claims under law of the case.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Eric D. Dixon
Attorney & Counselor at Law, P.A.
Portales, New Mexico

    *Attorney for the Plaintiff*

Quentin Smith
Eleanor C. Werenko
Sheehan & Sheehan, P.A.
Albuquerque, New Mexico

--and--

Barbara Evans
Bryan D. Evans
Carla Neusch Williams
Atwood, Malone, Turner & Sabin, P.A.
Roswell, New Mexico

    *Attorneys for Defendants Curry County Board of Commissioners, Lance Pyle, and Tori Sandoval*

Brandon Huss
New Mexico Association of Counties
Santa Fe, New Mexico

--and--

Dennis K. Wallin
Wallin, Huss, & Associates, LLC
Moriarty, New Mexico

    *Attorneys for Defendant Lance Pyle*

--and--

James P. Barrett
P. Scott Eaton
Eaton Law Office PC
Albuquerque, New Mexico

    *Attorneys for Defendant Tori Sandoval*